UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Becky Sue Lawson | ) | Case No. 06-51369 |
| | ) | |
| | ) | |
| Debtor | ) | Chapter 13 |
| | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

THIS MATTER came on for hearing on December 13, 2006, upon the Motion for Relief from Stay, filed by Carolina Kia of Greensboro ("Carolina Kia") on November 22, 2006, with regard to a 2006 Kia Spectra (the "Vehicle"). Thomas W. Anderson appeared on behalf of Becky Sue Lawson (the "Debtor"), and Robert Price appeared on behalf of Carolina Kia.

Carolina Kia argues that the Vehicle, which was the subject of a conditional sale[1] on or about August 23, 2006, is not property of the estate because the sale was never made final and therefore the automatic stay is not applicable to the Vehicle. The Debtor argues that the conditional sale, together with the actions of Carolina Kia, constitute an unfair trade practice and that the portion of the contract conditioning the sale should be stricken as against public policy. A this time, the Court makes no finding as to the ownership of the Vehicle. However, Section 541(a) of the Bankruptcy Code provides that property of estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." The Debtor's

---

[1]The sale was conditioned on the acquisition of satisfactory financing of the Debtor's purchase of the Vehicle.

possessory interest in the car, coupled with the Debtor's good-faith assertion that she has been the victim of an unfair trade practice under North Carolina law, are enough to constitute an equitable interest in the Vehicle.  <u>In re Moffett</u>, 356 F.3d 518, 521 (4th Cir. 2004)(bankruptcy estate "broadly includes, among other things, 'all legal or equitable interests of the debtor in property as of the commencement of the case'").  Pursuant to Section 541, the Debtor's equitable interest in the Vehicle is part of the Debtor's bankruptcy estate, and the automatic stay afforded by Section 362(a) applies to the Vehicle.

IT IS THEREFORE ORDERED that the hearing on the Motion of Carolina Kia is continued until February 28, 2007 at 9:30 a.m., at which time a final hearing will be held.  Carolina Kia shall store the Vehicle, as well as the Debtor's trade-in automobile, in a secure location until further order of the Court.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Becky Sue Lawson ) | Case No. 06-51369 |
| ) | |
| ) | |
| Debtor ) | Chapter 13 |
| ) | |
| _____ ) | |

PARTIES IN INTEREST

Becky Sue Lawson
158 Gordon Park Lane
Pilot Mountain, NC 27041

Thomas W. Anderson, Esq.
P.O.Box 1273
Pilot Mountain, NC 27041

Robert E. Price, Jr., Esq.
1144 West Fourth Street
Winston-Salem, NC 27101

Ms. Kathryn Bringle, Esq.
Chapter 13 Office
P.O. Box 2115
Winston-Salem, NC 27102